

```
Priority    ✓
Send        ✓
Enter       ___
Closed      ___
JS-5/JS-6   ___
JS-2/JS-3   ___
Scan Only   ___
```

FILED
CLERK, U.S. DISTRICT COURT

DEC - 7 2000

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

ENTERED ON ICMS
DEC - 8 2000

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

Danny Keever
  Plaintiff(s),

v.

Long Beach Job Corps Ctr.,
et al.
  Defendant(s).

CASE NO. CV 00-12037-ABC(JWJx)

ORDER RE: CONFERENCE:

1. SCHEDULING CONFERENCE PURSUANT TO F.R. CIV. P. 16(b);

2. MOTIONS & EX PARTE APPLICATIONS.

This action has been assigned to the calendar of Judge Audrey B. Collins, Courtroom 680, Roybal Federal Building.

The responsibility for the progress of litigation in the Federal Courts falls not only upon the attorneys in the action, but upon the Court as well. In order "to secure the just, speedy, and inexpensive determination of every action," (Fed. R. Civ. P. 1.) all counsel are hereby ordered to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.[1]

1. **SCHEDULING CONFERENCE**

This matter is set for a Scheduling Conference on March 5, 2001 at 10:00 a.m. a.m./p.m. The conference will be held pursuant to F. R. Civ. P. 16(b). The parties are

---

[1] Local Rules are available on our website at "http://www.cacd.uscourts.gov" or they may be purchased from the following: Los Angeles Daily Journal, 915 East First Street, Los Angeles, California 90012; Metropolitan News, 210 South Spring Street, Los Angeles, California 90012; and West Publishing Company, 50 West Kellogg Boulevard, St. Paul, Minnesota 55164-9979.

reminded of their obligations to disclose information and confer on a discovery plan not later than 21 days prior to the scheduling conference and report to the Court by filing a Rule 26(f) Report[2] not later than 14 days after they confer as required by F. R. Civ. P. 26 and the Local Rules of this Court. Failure to comply may lead to the imposition of sanctions.

2. **MOTIONS**

In motion matters, counsel should note the timing and service requirements of Local Rule 7 and its subparts including:

    A.    Rule 7.4.1 - Pre-Filing Conference of Counsel. Counsel should be familiar with this new rule, which requires a pre-filing meeting to discuss the substance and potential resolution of non-discovery motions. Note that counsel for the moving party must notify the court that the meeting took place;

    B.    Rule 7.4.2 - If mailed, Notice of Motion shall be served not later than twenty-four (24) calendar days before the Motion Day designated in the notice. If served personally, the Notice of Motion shall be served not later than twenty-one (21) days before the Motion Day designated in the notice;

---

[2] Counsel should note that effective December 1, 2000, F.R. Civ. P. 16(b), 26(a)(3), 26(a)(4), 26(d) and 26(f) are now effective in all districts. Because local courts may not opt-out of these rules, the requirements of Local Rule 6, including the Early Meeting of Counsel, are no longer in effect.

C.  Rule 7.6 -  Opposing papers shall be served upon other parties and filed with the Clerk not later than fourteen (14) days before the hearing date; and

D.  Rule 7.7 -  Reply papers, if any, shall be served and filed not later than the seventh calendar date (not excluding Saturdays, Sundays, and holidays) before the motion hearing date.

Adherence to the timing requirements of all Local Rules is mandatory for proper chambers preparation of motion matters.

3.  **EX PARTE APPLICATIONS**

Ex parte applications are considered on the papers and are not usually set for hearing. Ex parte applications are to be reserved solely for extraordinary relief. [This court may impose sanctions for misuse of ex parte applications. See Local Rule 7.19 and In re Intermagnetics America, Inc., 101 B.R. 191 (Bankr. C.D. Cal. 1989).] Counsel are ordered to read and comply with the requirement of Mission Power Engineering Co. V. Cont. Cas. Co., 883 F. supp. 488 (C.D. Cal. 1995) before filing an ex parte motion with this court.

Counsel must be familiar with Local Rule 7.18. The moving party shall serve the opposing party by facsimile transmission and shall notify the opposition that opposing papers must be filed not later than twenty-four hours following such facsimile serve. Counsel must inform the Courtroom Deputy Clerk, Daphne Alex, (213) 894-3759, if the ex parte application will not be opposed. Counsel must deliver a conformed courtesy copy of the papers to chambers. Counsel will be notified by the Courtroom Deputy Clerk of the Court's ruling or of a hearing time and date in the unlikely event that the Court determines that a hearing is necessary.

4. **SETTLEMENT PROCEDURE**

A settlement procedure appropriate to the particular case will be used in every civil action. Counsel must be familiar with the procedures and timing mandated by Local Rule 23. Frank discussion of settlement options should begin now.

5. **COURTESY COPIES**

Counsel should provide courtesy copies of all motions, responses, and replies in motion matters to Chambers.

6. **INTERNET SITE**

Counsel are encouraged to review the Central District's website for additional information. The address is "http;//www.cacd.uscourts.gov".

IT IS SO ORDERED.

Dated: 12-7-00

_____
AUDREY B. COLLINS
United States District Judge